SEAMEN'S BANK FOR SAVINGS IN THE CITY OF NEW YORK, demandante y recurrida, *v.* SUCN. DE RAFAEL SEPÚLVEDA LUGO ET AL., demandados y recurrentes.

Número: R-69-190      Resuelto: 30 de junio de 1970

*Martín Almodóvar Acevedo,* abogado de los recurrentes; *J. M. Calderón García, J. M. Calderón Cerecedo, William J. Riefkohl, Cristóbal Colón* y *Francisco Alonso Rivera,* abogados de la recurrida.

PER CURIAM: Esta es la tercera vez, en un período de sólo seis meses, que viene ante nuestra consideración determinar la procedencia de una sentencia sumaria en un caso de ejecución de hipoteca por la vía ordinaria de una casa-residencia adquirida bajo el plan de la Administración Federal de Hogares (FHA), basada en haberse incumplido la obligación referente al pago de los plazos fijados para la amortización del crédito hipotecario. En las dos ocasiones anteriores revocamos la sentencia sumariamente dictada basados en que la réplica de los demandados bajo juramento establecía una controversia genuina de hechos entre las partes que requería una adjudicación en sus méritos en un juicio plenario. La ejecutante era la misma entidad en ambos casos. *Housing Inv. Corp.* v. *Sosa,* 98 D.P.R. 247 (1970) ; *Housing Investment Corporation* v. *Benés Román,* Sentencia de 16 de junio de 1970. En el de *Sosa* (escolio 1) salta a la vista nuestra preocupación, provocada por los hechos según estos aparecen reflejados en los autos de aquel caso, al punto de alertar a la Asamblea Legislativa hacia posibles males en la práctica de la ejecución de hipotecas con miras a explorar la posibilidad de proveer aquellas medidas que fueren necesarias para evitarlos.

Lo expresado anteriormente no prejuzga, claro está, los méritos de la controversia planteada en el presente, la cual deberá ser adjudicada por el tribunal de instancia en un

juicio plenario en su oportunidad, al devolverse el caso a la sala sentenciadora según habremos de resolver a continuación.

Surge de los autos que el 22 de abril de 1966 el causante de los recurrentes y su esposa adquirieron el solar y casa-residencia ubicada en la Urbanización Sierra Bayamón. Sobre la propiedad adquirida pesaba un gravamen hipotecario, constituido por sus antecesores en título, para garantizar el pago de una obligación que asumieron, evidenciada por un pagaré a favor de Housing Investment Corporation por la suma principal de $16,600.00, intereses al 5 1/4 por ciento anual, $1,660.00 para intereses en adición a los garantizados por ley, más $1,660.00 adicionales que se fijó como suma líquida para cubrir el pago de costas, gastos y honorarios de abogados en caso de incumplimiento y reclamación judicial. Dicha obligación fue constituida bajo el plan de la Administración Federal de Hogares (FHA).

El pagaré y la hipoteca contienen la usual cláusula de aceleración del vencimiento de la deuda total, sin aviso alguno al deudor, si cualquier plazo no fuere satisfecho antes del vencimiento del próximo quedando el tenedor, a su opción, con derecho a exigir su pago.

La demanda de ejecución fue radicada el 21 de octubre de 1968. Se alega la falta de pago del plazo que venció el 1 de agosto de 1968 y los correspondientes a los meses subsiguientes.

Los recurrentes, la viuda e hijos del deudor fallecido, se opusieron alegando afirmativamente haber satisfecho todas las mensualidades según lo convenido; que Housing Investment Corporation (tenedor original del pagaré) "actuando como agente de la demandante Seamen's Bank for Savings in the City of New York (cesionaria) se ha negado a aceptar los pagos sin causa ni justificación alguna, obligando a los demandados a tener que consignar las mensualidades correspondientes en el Tribunal de Distrito de Puerto Rico, Sala de

San Juan, caso Civil Núm. 68-6199." Se alega, además, lo siguiente:

"Que la demanda es prematura toda vez que al negarse a recibir Housing Investment Corp. los plazos correspondientes a agosto y septiembre incluidos los recargos, procedió a radicar una demanda de consignación el 26 de septiembre de 1968, la que está pendiente de juicio ante el Tribunal de Distrito de Puerto Rico, Sala de San Juan, y está señalada para verse el 8 de abril de 1969 en el Salón número 7 de dicho Tribunal.

Que la demanda de epígrafe se radicó 30 días después de haberse hecho la consignación y 14 días después de haber sido contestada la demanda de consignación por los propios abogados de la demandante en el caso de epígrafe."

La recurrida, apoyada en una declaración jurada del Vice-Presidente de la Housing Investment, solicitó se dictara sentencia sumaria a su favor.([1]) Se afirmó en dicha declaración que los demandados "han incurrido en incumplimiento . . . por haber dejado de pagar las mensualidades vencidas el 1 de agosto de 1968 hasta el presente. . . ." Los recurrentes formularon oposición y bajo juramento afirmó el declarante, uno de los recurrentes, que ". . . ha pagado religiosamente con dinero de su propio peculio todas las mensualidades desde el fallecimiento de nuestro padre. . . ." Afirmó también que la Housing Investment se ha negado a recibir los pagos haciendo referencia específica a la consignación de las mensualidades en el caso iniciado ante el Tribunal de Distrito de San Juan. Quedó así trabada satisfactoriamente una controversia de hecho genuina respecto al incumplimiento alegado que exigía una adjudicación en los méritos con las garantías de un juicio plenario.

---

([1]) La recurrida acompañó, además, un historial de pagos de las mensualidades anteriores y posteriores a la fecha de adquisición de la propiedad por el causante de los recurrentes, con el expresado fin de demostrar tardanzas anteriores en el pago de mensualidades en algunas ocasiones. Consideramos irrelevante dicho historial ya que la opción de exigir el pago que le reconocía el pagaré no fue ejercitada, y la demanda no hace referencia a tardanzas anteriores a agosto, 1968.

*Se revocará la sentencia recurrida y se devolverá el caso para ulteriores procedimientos.*

El Juez Asociado Señor Rigau no intervino.